**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE RACHEL KROPP, an Individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED AIRLINES, INC., an Illinois corporation,<br><br>Defendant-Appellee. | No. 21-55960<br><br>D.C. No.<br>2:19-cv-08344-GW-JPR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 13, 2022**
Pasadena, California

Before: RAWLINSON, CHRISTEN, and KOH, Circuit Judges.

Stephanie Rachel Kropp (Kropp) challenges the district court order granting

summary judgment in favor of United Airlines, Inc. (United) on her negligence and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

state-law common carrier liability claims. Kropp's claims were based on her allegation that when she was a passenger on a United flight (Flight UA1294) that experienced turbulence, United failed to "properly warn of known, expected dangerous conditions and keep its passengers safe." She contends that United owed a duty to provide her with the "highest possible degree of safety," and that the district court erred by applying a different standard of care.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review a district court order granting summary judgment de novo. *See L. F. v. Lake Washington Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020). Because the district court applied the correct "careless or reckless" standard of care imposed by 14 C.F.R. § 91.13(a); correctly concluded that Kropp failed to raise a genuine issue of material fact regarding the violation of any Federal Aviation Regulation (FAR); and correctly found that Kropp's state-law common carrier liability claim was preempted, we **AFFIRM**.

**1.** When reviewing a district court order granting summary judgment, "[w]e determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (citation omitted).

**2.** The district court did not err by concluding that 14 C.F.R. § 91.13(a) sets the relevant standard of care. As we held in *Montalvo v. Spirit Airlines*, the Federal Aviation Act (FAA)–and the associated FARs–set the standard of care for negligence claims against aircraft operators based on an alleged failure to warn because "a number of specific federal regulations govern the warnings and instructions which must be given to airline passengers," and 14 C.F.R. § 91.13(a) sets the "general federal standard of care for airline operators." 508 F.3d 464, 472 (9th Cir. 2007), *as amended* (citations omitted). 14 C.F.R. § 91.13(a) prescribes that "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." It does not, as Kropp argues, require an airline "to provide service at the highest possible degree of safety in the public's interest." *See* 49 U.S.C. § 44701(d)(1)(A) (requiring the Federal Aviation Administrator to "consider . . . the duty of an air carrier to provide service with the highest possible degree of safety in the public interest . . . [w]hen prescribing a regulation or standard," without imposing this duty of care on an airline).

**3.** The district court committed no error in granting United's summary judgment motion on Kropp's negligence claim. Kropp failed to establish either a genuine issue of material fact as to whether a FAR was violated in connection with Flight UA1294, or as to whether Flight UA1294 was operated in a "careless or

reckless manner." *Montalvo*, 508 F.3d at 472. Absent violation of a federal aviation requirement, Kropp's "negligence claim fails as a matter of law." *Id.* at 474.

Rather than contending that United violated a FAR in connection with its operation of Flight UA1294, Kropp asserted the violation of two Federal Aviation Administration Advisory Circulars. However, an airline's duty to warn passengers of known and expected dangers is regulated by FARs rather than advisory circulars. *See id.* at 472–73 (collecting regulations); *see also Martin ex rel. Heckman v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 811 (9th Cir. 2009) (rejecting the argument that "the federal standard [of care] should be set by expert testimony on standard industry practices" because "neither *Montalvo* . . . nor any language in the FAA, contemplates such a rule"); *Zurich Am. Ins. Co. v. Silver Sage Aviation*, No. 3:15-cv-00548-MMD-WGC, 2018 WL 4469012, at *3 n.7 (D. Nev. Sept. 18, 2018) ("Because an advisory circular provides only guidance, it cannot be binding . . .").

**4.** Kropp's response to United's motion for summary judgment maintains that United breached its "duty to function at the highest levels of safety and public interest." Kropp relied on her expert's report to support her position, but the report did not raise a genuine issue of material fact regarding whether Flight UA1294 was

carelessly or recklessly operated. When explicitly asked whether the pilot of Flight UA1294 violated any FARs, Kropp's expert did not opine that the relevant standard was violated.

**5.** Finally, there was no error in the entry of summary judgment in favor of United on Kropp's state-law claims for negligence and common carrier liability. Any claims predicated on state law are preempted by the FAA. *See Montalvo*, 508 F.3d at 472 (reasoning that the "pervasive" FAA regulations reflect "a preemptive intent to displace all state law on the subject of air safety").

**AFFIRMED.**